Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JENNIFER MARINE SERRA Y OTROS<br><br>Apelantes<br><br>v.<br><br>YESENIA COLÓN HENRÍQUEZ Y OTROS<br><br>Apelados | KLAN202500320 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Partición de Herencia<br><br>Caso Núm.: K AC2017-0098 |

Panel Especial integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y el Juez Salgado Schwarz

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2026.

La parte apelante, compuesta por Jennifer, Johanna y Jonathan F., todos de apellidos Marine Serra, comparece ante nos para que dejemos sin efecto la *Sentencia* emitida el 15 de enero de 2025 y notificada el 22 de enero de 2025, por el Tribunal de Primera Instancia, Sala de San Juan. Mediante esta, el Foro Primario denegó la *Solicitud de Remedios Provisionales* que presentó la parte apelante y, además, desestimó la *Demanda* de epígrafe en su totalidad. Ello, dentro de un pleito sobre petición y partición de herencia.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí dispuesto.

### I

A la luz del trámite procesal que ha caracterizado el presente caso, y a fin de atender de manera puntual la controversia ante nuestra consideración, este Tribunal circunscribe su exposición a

Número Identificador

SEN2025 _____

los eventos procesales pertinentes a la *Solicitud de Remedios Provisionales* y a los errores que serán objeto de discusión.

El 31 de enero de 2017, la parte apelante presentó la *Demanda* de epígrafe, a los fines de aceptar la herencia a beneficio de inventario y promover la administración y eventual partición del caudal hereditario del causante, Francisco Marine Chong. Sostuvo que el causante falleció el 28 de septiembre de 2007, sin dejar testamento, según surgía de la certificación negativa del Registro de Testamentos. En el pliego, la parte apelante alegó que, pese a haber efectuado gestiones con la señora Yesenia Colón Henríquez, apelada y viuda del causante, no logró la tramitación de la declaratoria de herederos. Del mismo modo, indicó que el caudal relicto incluía varios bienes muebles y un inmueble ubicado en la Calle Dresde Núm. 479, Urbanización Puerto Nuevo, San Juan, en el cual residió el causante. Según se detalló, la referida propiedad se encontraba en posesión y disfrute exclusivo de la parte apelada. Además, sostuvo que el causante devengaba aproximadamente quinientos dólares ($500.00) mensuales por concepto de arrendamiento. A tenor con lo anterior, solicitó al Tribunal de Primera Instancia que decretara la administración judicial de los bienes relictos del causante, que se nombrara a Jennifer Marine Serra como administradora judicial, que se autorizara la aceptación de la herencia a beneficio de inventario y que, una vez aceptada, se procediera con la partición correspondiente.

Posteriormente, el 10 de enero de 2018, la parte apelada presentó su *Contestación a la Demanda*. En ese escrito, negó la procedencia de las reclamaciones en su contra y sostuvo que los bienes identificados por la parte apelante formaban parte de la sociedad legal de bienes gananciales, por lo que la señora Yesenia Colón Henríquez, por ser la viuda del causante, tenía la facultad de administrarlos hasta su liquidación. Además, planteó que la parte

apelante no había provisto la documentación necesaria para tramitar la declaratoria de herederos ni la planilla del caudal relicto, lo que había impedido la liquidación de la herencia. De igual forma, señaló que el inmueble en controversia no constaba inscrito a nombre del causante en el Registro de la Propiedad. En consecuencia, solicitó que se declarara no ha lugar la reclamación instada en su contra.

Trabada la controversia entre las partes, el 15 de enero de 2021, la parte apelante presentó una *Solicitud de Remedios Provisionales*. En su pliego, reiteró las alegaciones contenidas en la *Demanda* y sostuvo que, para la conservación del caudal hereditario, procedía la intervención del Tribunal mediante la concesión de un remedio provisional al amparo de la Regla 56 de Procedimiento Civil, 32 LPRA Ap. V, R. 56. En específico, solicitó que se fijara un canon de arrendamiento por la posesión del inmueble sito en la Urbanización Puerto Nuevo, el cual peticionó fuera retroactivo a la fecha en que la parte apelada advino en posesión, pagadero a la parte apelante y/o consignándose en el Tribunal. Además, requirió que se le autorizara a realizar gestiones de venta del inmueble, incluyendo la contratación de un corredor de bienes raíces. Finalmente, solicitó que, en caso de incumplimiento con el pago del canon de arrendamiento, se ordenara el desahucio de los ocupantes del inmueble en controversia.

Así las cosas, mediante *Orden* emitida el 20 de enero de 2021 y notificada al día siguiente, el Tribunal de Primera Instancia le requirió a la parte apelada que expusiera su posición en cuanto a la *Solicitud de Remedios Provisionales* presentada por la parte apelante.

Acaecidas varias incidencias procesales innecesarias de pormenorizar, mediante *Sentencia* emitida el 20 de mayo de 2021, el Tribunal de Primera Instancia desestimó la causa de acción de

epígrafe al amparo de la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b). No obstante, el 19 de abril de 2022, mediante la *Sentencia* emitida en el recurso de apelación KLAN202200050, este Tribunal revocó la referida determinación y ordenó la continuación de los procedimientos en el Foro Primario.

Reanudados los procedimientos, el 28 de septiembre de 2022, la parte apelante presentó una *Moción Solicitando la Continuación de los Procedimientos y Solicitando Vista de Remedios Provisionales sin Oposición*. En ésta, peticionó al Tribunal de Primera Instancia que señalara una vista para atender la *Solicitud de Remedios Provisionales* presentada el 15 de enero de 2021.

Por su parte, el 20 de marzo de 2023, la parte apelada presentó una moción en *Oposición a la Solicitud de Remedios Provisionales y Solicitud de Reconocimiento de Hogar Seguro*.[1] En su escrito, se opuso a la fijación de un canon de arrendamiento y al desahucio solicitado por la parte apelante. Alegó que la parte apelada y su núcleo familiar ocupaban el inmueble en controversia desde antes del fallecimiento del causante, por lo que no procedía el pago de rentas por la posesión y disfrute del mismo. A su vez, rechazó que se autorizara la venta del inmueble y solicitó que la propiedad sita en la Calle Dresde Núm. 479 de la Urbanización Puerto Nuevo fuera reconocida como hogar seguro a favor del menor Francisco Marine Colón y de la señora Yesenia Colón Henríquez.

El 30 de mayo de 2023, la parte apelante presentó una *Réplica a Oposición a la Concesión de los Remedios Provisionales Solicitados*.[2] En ésta, rechazó la solicitud de reconocimiento de hogar seguro, al plantear que el inmueble formaba parte del caudal hereditario y que reconocer tal protección impediría la división y liquidación de la herencia. Sobre ello, sostuvo que ningún

---

[1] Apéndice del recurso, pág. 175.
[2] Apéndice del recurso, pág. 185.

coheredero podía ser obligado a permanecer en la indivisión hereditaria, ni podía utilizar de forma exclusiva un bien perteneciente a la comunidad sin compensar al resto, por lo que reiteró su petición para que se autorizara la realización de gestiones dirigidas a la venta del inmueble en controversia y la solicitud de la celebración de la vista evidenciaria para la fijación de un canon de arrendamiento sobre este.

En respuesta, el 10 de julio de 2023, la parte apelada presentó una *Dúplica para Moción Presentada por la Parte Demandante el 30 de mayo de 2023*. En ésta, reiteró que el inmueble debía reconocerse como hogar seguro, por lo que, a su juicio, no procedía autorizar gestiones de venta que afectaran la permanencia de la parte apelada y del menor en la residencia. Por ello, solicitó que se declarara no ha lugar la solicitud de remedios provisionales y se reconociera el inmueble en controversia como hogar seguro.

Evaluados los planteamientos de las partes, el 15 de enero de 2025, el Tribunal de Primera Instancia emitió la *Sentencia* que nos ocupa. En ésta, concluyó que la controversia relacionada con el inmueble en controversia no podía adjudicarse de forma definitiva mientras permaneciera pendiente la liquidación de la comunidad postganancial surgida tras el fallecimiento del causante. Razonó que, al no haberse liquidado previamente la sociedad legal de bienes gananciales, una adjudicación final sobre la partición del caudal hereditario carecería de validez. En consecuencia, declaró *No Ha Lugar* la *Solicitud de Remedios Provisionales* presentada por la parte apelante y desestimó la *Demanda* de epígrafe por falta de madurez.

Inconforme con la determinación emitida por el Tribunal de Primera Instancia y tras denegada una *Moción Solicitando Reconsideración*, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo, señaló la comisión de los siguientes errores:

Erró el Tribunal de Primera Instancia al desestimar sin perjuicio el presente caso por alegada falta de madurez para su adecuada adjudicación.

Erró el Tribunal de Primera Instancia al determinar que la parte demandante carece de legitimación activa.

Erró el Tribunal de Primera Instancia al determinar que por razón de que la comunidad postganancial que surgió a raíz de la muerte del Sr. Marine Chong no ha sido objeto de partición y a pesar de que el caso de epígrafe data del año 2017, una adjudicación final, para la partición del caudal hereditario, carecería de validez.

Erró el Tribunal de Primera Instancia al determinar que el inmueble perteneciente al Sr. Marine Chong en la Urb. Puerto Nuevo le pertenece a la sociedad legal de gananciales compuesta por la codemandada Yesenia Colón Henríquez y al causante.

Erró el Tribunal de Primera Instancia al declarar no ha lugar la Solicitud de Remedios Provisionales que presentó la parte demandante el 15 de enero de 2021.

Erró el Tribunal de Primera Instancia al reconocer el derecho de hogar seguro a favor de Francisco Marine Colón de 20 años de edad y de la madre Yesenia Colón Henríquez.

Erró el Tribunal de Primera Instancia al determinar improcedente los créditos por concepto de renta reclamados por la parte demandante, sin la celebración de una vista evidenciaria.

Luego de examinar el expediente apelativo que nos ocupa y con el beneficio de la comparecencia de ambas partes de epígrafe, estamos en posición de expresarnos sobre el asunto en controversia.

**II**

**A**

Sabido es que una comunidad hereditaria se constituye con la concurrencia de dos o más llamamientos a la universalidad de la herencia. *Vega Montoya v. Registrador*, 179 DPR 80, 87 (2010); *Soc. de Gananciales v. Registrador*, 151 DPR 315, 317 (2000); *Cintrón Vélez v. Cintrón De Jesús,* 120 DPR 39, 48 (1987). La comunidad hereditaria comprende todas las relaciones jurídicas patrimoniales del difunto excepto aquellas que, por su naturaleza o contenido, se extinguen con la muerte del causante. *Íd.*

La comunidad hereditaria se caracteriza por ser universal. Es decir, incide en la totalidad del patrimonio que constituye el caudal

hereditario y no sobre cada bien, derecho u obligación que la compone. Por ello, se ha establecido que vigente la comunidad hereditaria, los herederos tienen titularidad, no de bienes particulares de la masa hereditaria, sino de una cuota en abstracto de la totalidad de los bienes que formen parte del caudal relicto. *Vega Montoya v. Registrador*, supra, págs. 88-89. Por tal razón, los coherederos sujetos a la comunidad no pueden reclamar derechos sobre bienes específicos del caudal hereditario hasta que se haya llevado a cabo la partición de herencia. *Íd.*, pág. 89.

Una de las características de la comunidad hereditaria es que es transitoria. Ningún coheredero está obligado a permanecer en ella indefinidamente ni a estar sometido en la indivisión por un plazo largo. *Vega Montoya v. Registrador*, supra, pág. 88; Artículos 1005, 1006 y 1865 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. secs. 2871, 2872 y 5295.[3]  La comunidad hereditaria dejará de existir tan pronto se liquide el patrimonio del causante y se adjudiquen a los herederos los bienes que les corresponden de la herencia, confiriéndoles así la propiedad exclusiva sobre éstos. *Cintrón Vélez v. Cintrón de Jesús,* supra, págs. 48-49.

Con la partición se extingue la comunidad hereditaria, convirtiéndose las cuotas abstractas en títulos concretos de bienes en particular del caudal. *Íd.*; *Arrieta v. Chinea Vda. de Arrieta,* 139 DPR 525, 534 (1995).  Dicho de otro modo, la partición es el proceso por el cual los coherederos transforman la cotitularidad de la totalidad de la herencia en títulos exclusivos sobre bienes particulares.

---

[3] Es menester destacar que, conforme a lo dispuesto en el Artículo 1816 del Código Civil de Puerto Rico de 2020, los derechos a la herencia de quien ha fallecido, con testamento o sin él, antes de entrar en vigor el referido Código, se rigen por la legislación anterior. 31 LPRA sec. 11721. Dado a que los hechos de la presente causa acontecieron previo a la aprobación del Código Civil de 2020, el caso se debe disponer al amparo de lo estatuido en el Código Civil de 1930, cuerpo legal vigente al momento de los hechos en controversia.

En relación al procedimiento de la partición de la herencia, el Profesor González Tejera explica que, para llevar una partición de herencia viable, es menester llevar a cabo varias operaciones previas. E. González Tejera, *op cit.*, pág. 402. Estas operaciones particionales previas son: inventario y avalúo, liquidación, división, formación de lotes o hijuelas y la adjudicación. J.R. Vélez Torres, *Curso de Derecho Civil: Derecho de Sucesiones*, 2da ed., San Juan, Universidad Interamericana de Puerto Rico, 1997, Tomo IV, Vol. III, pág. 523. Una vez se paguen las deudas y las cargas de la herencia, el remanente que resulte es lo que recibirán los herederos. E. Martínez Moya, *El Derecho Sucesorio Puertorriqueño*, 67 Rev. Jur. UPR. 1, 42 (1998).

Efectuados estos procedimientos, el Tribunal distribuirá de manera equitativa y justa el caudal entre los que tengan el derecho hereditario. Artículo 604 de la Ley de Enjuiciamiento Civil, 32 LPRA sec. 2625. Al efectuarse la partición del haber hereditario se adjudicará a cada heredero una porción con cosas de la misma naturaleza, calidad o especie para así garantizar en lo posible la igualdad en el pago del caudal hereditario. 31 LPRA ant. sec. 2607.

**B**

Por otra parte, en nuestro ordenamiento jurídico, la sociedad legal de gananciales concluye al disolverse el matrimonio, ya sea por muerte de alguno de los cónyuges, por divorcio o por nulidad. 31 LPRA ant. sec. 301; *Island Holdings v. Sucn. Hernández Ramírez,* 201 DPR 1026, 1033 (2019). Una vez extinta, nace una comunidad de bienes ordinaria que permanece hasta tanto se suscite la correspondiente división o liquidación. *Íd.,* pág. 1034*; Muñiz Noriega v. Muñoz Bonet,* 177 DPR 967, 983 (2010); *Montalván v. Rodríguez,* 161 DPR 411, 421 (2004)*; Bidot v. Urbino,* 158 DPR 294, 303 (2002). Así pues, en una comunidad de bienes post ganancial, cada partícipe es dueño de una cuota independiente e inalienable,

acompañada del derecho de coadministrar los bienes que la componen y de pedir, en cualquier momento, su correspondiente división. Esta participación recae sobre la totalidad de la masa común y no a manera de una porción concreta sobre cada uno de los bienes, por lo que los miembros que la componen ostentan un derecho pro indiviso en la misma. 31 LPRA ant. sec. 1271; *Muñiz Noriega v. Muñoz Bonet,* supra, pág. 983; *Díaz v. Aguayo*, 162 DPR 801, 809 (2004); *Montalván v. Rodríguez,* supra, pág. 420.

Ahora bien, cuando surge una comunidad postganancial ante el fallecimiento de los cónyuges, el patrimonio en liquidación tiene dos (2) titulares: el cónyuge superviviente y los herederos del cónyuge fallecido. *Island Holdings v. Sucn. Hernández Ramírez* supra, pág. 1034; *BL Investment Inc. v. Registrador,* 181 DPR 5, 16 (2011). Siendo ello así, los herederos reciben aquella porción que hubiese recibido su causante, de haber sobrevivido a la disolución de la comunidad post ganancial. *Íd.* En este escenario, al igual que en el escenario común, previo a liquidar la comunidad de bienes post ganancial se hace meritorio identificar aquellos bienes de carácter común y los de naturaleza privativa. *Island Holdings v. Sucn. Hernández Ramírez,* supra, pág. 1035; *Montalván v. Rodríguez,* supra, pág. 457. Así, se señalan propiamente los bienes privativos, se definen las responsabilidades imputables al caudal común, así como aquellas empleadas para el beneficio exclusivo de uno de los comuneros. No es hasta la liquidación de la comunidad post ganancial, proceso que requiere la formación de un inventario, el avalúo y tasación de los bienes, así como el pago de las obligaciones de la extinta sociedad de gananciales, que se puede dividir y adjudicar la ganancia o sobrante entre los excónyuges o sus correspondientes herederos. *Island Holdings v. Sucn. Hernández Ramírez*, supra, pág. 1035; *BL Investment Inc. v. Registrador,* supra. **De este modo, "[c]uando coincidan una comunidad**

**postganancial y una comunidad hereditaria, procede liquidar primero la comunidad postganancial y luego la comunidad hereditaria**". *Island Holdings v. Sucn. Hernández Ramírez*, supra, pág. 1035; *Méndez v. Ruiz Rivera*, 124 DPR 579, 587 (1989); E. González Tejera, *Derecho sucesorio puertorriqueño*, San Juan, Ed. Universidad de Puerto Rico, 2001, Vol. I, pág. 491.

**III**

De entrada, precisamos que, a los fines de disponer del caso ante nuestra consideración, solo discutiremos el primer y tercer señalamiento de error, por ser los determinantes a la presente adjudicación.

En su recurso, la parte apelante sostiene que el Tribunal de Primera Instancia incidió al desestimar la *Demanda* por alegada falta de madurez, así como al determinar que, por no haberse liquidado la comunidad postganancial surgida tras el fallecimiento del señor Francisco Marine Chong, cualquier adjudicación relacionada con la partición del caudal hereditario carecería de validez. Habiendo examinado los referidos señalamientos a la luz de los hechos establecidos y del derecho aplicable, resolvemos revocar la *Sentencia* apelada.

Según esbozáramos previamente, en nuestro ordenamiento jurídico, cuando ocurre el fallecimiento de una persona casada, surge una comunidad de bienes postganancial entre el cónyuge supérstite y la sucesión del causante, la cual subsiste hasta tanto se lleve a cabo su correspondiente liquidación. De igual forma, la comunidad hereditaria se caracteriza por su carácter transitorio, por lo que ningún coheredero está obligado a permanecer en estado de indivisión, pudiendo instar en cualquier momento la partición del caudal hereditario conforme a derecho. Tomando en cuenta las anteriores características, **el Tribunal Supremo de Puerto Rico ha establecido que, cuando coinciden una comunidad de bienes**

**postganancial y una comunidad hereditaria, procede liquidar primero la comunidad postganancial y, una vez completado ese proceso, atender la comunidad hereditaria. A tales fines, la liquidación de la comunidad postganancial requiere la identificación de los bienes comunes y privativos, la formación de un inventario, el avalúo y tasación de los bienes, así como el pago de las obligaciones de la extinta sociedad legal de gananciales, previo a la división y adjudicación del remanente entre los excónyuges o sus correspondientes herederos. Solo una vez culminado ese proceso es que procede continuar con las operaciones propias de la partición hereditaria.**

En el caso ante nuestra consideración, en su determinación, el Tribunal de Primera Instancia concluyó que la controversia no podía adjudicarse de forma definitiva mientras no se liquidara la comunidad postganancial surgida tras el fallecimiento del causante y, a partir de esa determinación, desestimó la *Demanda* en su totalidad. No obstante, si bien es correcto que la liquidación de la comunidad postganancial constituye un paso previo indispensable para la eventual partición del caudal hereditario, ello no justifica la desestimación de la acción instada.

Por el contrario, conforme al derecho antes expuesto, correspondía al Tribunal de Primera Instancia encauzar los procedimientos conforme al orden jurídico aplicable, a saber, dirigir la liquidación de la comunidad postganancial y, una vez completada, continuar con el trámite correspondiente a la comunidad hereditaria y la eventual partición de los bienes hereditarios. La ausencia de liquidación de la comunidad postganancial no convierte la controversia en una no justiciable ni priva al Foro Primario de autoridad para atenderla, sino que impone el deber de ordenar las etapas necesarias para su adjudicación.

En consecuencia, el Tribunal de Primera Instancia incidió al desestimar la *Demanda* bajo el fundamento de falta de madurez, cuando lo procedente era continuar los procedimientos conforme a derecho. Por ello, revocamos la *Sentencia* apelada y devolvemos el caso al Tribunal de Primera Instancia para que proceda con la liquidación de la comunidad postganancial y, posteriormente, continúe con los trámites correspondientes a la comunidad hereditaria y la eventual partición del caudal relicto.

**IV**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones